**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

**SHIRLEY FOX,** individually and on behalf of all others similarly situated,

*Plaintiff,*

*v.*

**LOANCARE, LLC,** a Virginia limited liability company,

*Defendant.*

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Shirley Fox ("Fox" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant LoanCare LLC, ("LoanCare" or "Defendant LoanCare") to stop LoanCare from violating the Telephone Consumer Protection Act ("TCPA") by making autodialed and/or prerecorded collection calls to consumers without their consent, and to otherwise obtain injunctive and monetary relief for all persons injured by LoanCare's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her



**Eric R. Draluck**
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**INTRODUCTION**

1. LoanCare is a mortgage servicer and debt collector.[1]

2. LoanCare's debt collection efforts include skip tracing, which often results in calls to consumers who have no relationship with LoanCare or the creditors on whose behaves it calls.[2]

3. Notwithstanding, when calling consumers to collect debts, LoanCare places autodialed and/or prerecorded calls to consumers' cellular phone numbers, including those obtained through skip tracing.

4. In Plaintiff's case, LoanCare placed dozens of autodialed and/or prerecorded calls to her cellular phone number despite the fact that she has never been a LoanCare customer or otherwise consented to LoanCare calling her.

5. In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease placing unsolicited calls to consumers' cellular telephone numbers using an autodialer and/or prerecorded message , as well as an award of statutory damages to the members of the Class and costs.

**PARTIES**

6. Plaintiff Fox is a Renton, Washington resident.

7. Defendant LoanCare is a Virginia limited liability company headquartered in Virginia Beach, Virginia.

[1] https://www.linkedin.com/company/loancare/about/
[2] https://www.loancareservicing.com/banks/component-servicing/



**Eric R. Draluck**
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

**JURISDICTION AND VENUE**

8. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant does significant business in this District and the state of Washington, and because the wrongful conduct giving rise to this case occurred in this District. Venue is additionally proper because Plaintiff resides in this District and the calls were directed towards Plaintiff in this District.

**COMMON ALLEGATIONS**

**LoanCare Places Autodialed and/or Prerecorded Collection Calls to Consumers' Cellular Phone Numbers Without Consent**

10. In order for Defendant LoanCare to place autodialed and/or prerecorded calls to consumers, it must have prior express consent before it may place such calls to a consumer.

11. Yet in violation of this rule, Defendant fails to obtain consent prior to making autodialed and/or prerecorded collection calls to cellular telephone numbers such as Plaintiff's cell phone number, which, on information and belief, it obtained through skip tracing.

12. Defendant LoanCare states clearly that it conducts skip-tracing on behalf of banks on its website loancareservicing.com,



**Eric R. Draluck**
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

LoanCare, on behalf of our bank clients, can perform one or more of the following services:

LOANCARE
A SERVICELINK COMPANY

Login Customer Services ServiceLink

COMPANY | MORTGAGE COMPANIES | CREDIT UNIONS | BANKS | SELLER FINANCE

COLLECTIONS

LoanCare's collection efforts focus on educating bank borrowers on proper debt management in order to maximize the likelihood of continued timely payment. We work with borrowers to establish clear expectations and identify and resolve any financial concerns that may occur. LoanCare can perform the following collection efforts on behalf of the bank:

- Determine reason for default
- Present repayment plans
- Conduct skip tracing
- Coordinate property visits and post payment reminders
- Solicit for interest in loss mitigation solution

[3]

13. When LoanCare posts job postings for its collections agents, it specifically references skip-tracing as a job requirement:

**Collections Loan Counselor I**

LoanCare Servicing Operations ★★★☆☆ 390 reviews - Chandler, AZ

Apply On Company Site

- Answer inbound phone calls from delinquent borrowers, borrowers requesting loss mitigation assistance, and borrowers in the process of foreclosure
- Generate outbound phone calls and when contact is made determine reasons for non-payment, negotiate payment arrangements and offer suggestions to borrowers on how to meet their monthly obligations and advise them as to the possible consequence of not meeting obligations
- Obtain borrower's monthly financial status through asking borrowers a set of questions regarding their reason for non-payment and monthly income and expenses.
- If loan the qualifies for a 5 month or less repayment plan, calculate and discuss repayment plans terms with borrower(s)
- Ability to explain loss mitigation options in detail and loss mitigation application process
- Demonstrate working knowledge of default and foreclosure timelines
- Demonstrate working knowledge and understanding of all Collection, breach, and state specific Collection letter processes
- Skip trace using online tools such as www.whitepages.com and other free websites
- All other duties as assigned

[3] https://www.loancareservicing.com/banks/component-servicing/



**Eric R. Draluck**
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

**Qualifications**
**MINIMUM QUALIFICATIONS**

- Minimum of one year collections, loss mitigation or other mortgage/real estate related experience
- At least one year of telephone customer contact experience
- High school diploma or GED
- Complete knowledge of relevant federal regulations and/or the Fair Debt Collection Protection Act
- Ability to learn rules, regulations, laws and methods of collection and skip tracing
- Excellent analytical, communication, and negotiating skills
- Ability to work well on a team and focus on results; adaptable and flexible
- Ability to structure a deal that serves the best interest of the organization, insurer, and client
- Solid PC experience and typing skills
- Ability to work in a structured environment
- Ability to use a dialer system to make/receive phone calls [4]

14. LoanCare is equally open about its use of an autodialer when placing collection calls to consumers. For example, job postings for LoanCare collections agents state as a minimum qualification, "Ability to use a dialer system to make/receive phone calls[.]"[5]

15. Not surprisingly, there is a multitude of online complaints about Defendant's autodialed and/or prerecorded collection calls to consumers who never gave express consent to be called, and/or who don't have a business relationship with Defendant LoanCare:

- "You keep calling my daughters phone and leaving a message to call 800-909-9525. My daughter is a minor. Please stop calling this number: xxx-xxx-2688."[6]
- "Something about a loan.. I don't have a loan.."[7]
- "keep getting spam robocalls from loa[n]care."[8]
- "I do NOT have a loan with this company! They call me at least 3 times a day! They want my loan #...I don't have a loan #. Then they ask for my social which they're not getting! This is harassment!!!!!"[9]
- "Automated system called me from this number today asking me to call back. I looked up here to see who it was, and then confirmed with my mortgage holder that my account is

[4] https://www.indeed.com/viewjob?jk=d4daa1c5ce0921be&tk=1d051611h50oh803&from=serp&vjs=3
[5] *Id.*
[6] https://whocallsme.com/Phone-Number.aspx/8009099525
[7] *Id.*
[8] *Id.*
[9] *Id.*



**Eric R. Draluck**
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

good and this was not them. For me this was either a wrong number or a scam."[10]

- "Loan Care called out business office. Didn't ask for any particular person, just stated to call them back at this number and stated their work hours."[11]
- "They are calling for a person that does not belong to the number they are calling. I finally blocked the number because I was unable to connect with a person when I returned the call. Finally spoke to a live person and asked them to stop calling as it is a business line and we do not employ that person. The calls stopped for 1 month. The computer calls my line 2 to 3 times a day every day."[12]

## PLAINTIFF'S ALLEGATIONS

### LoanCare Repeatedly Called Plaintiff's Cell Phone Number Using an Autodialer and/or Prerecorded Message Without Plaintiff's Consent

16. In early 2018, Plaintiff began receiving repeated autodialed and/or prerecorded calls to her cellular phone number from LoanCare primarily using phone number 800-909-9525.

17. LoanCare has left many prerecorded voicemails for Plaintiff, identifying itself as being LoanCare, and asking Plaintiff to call 800-909-9525.

18. Plaintiff has answered calls from LoanCare, but she was unable to speak with a live agent.

19. For example, in the beginning of December, 2018, Plaintiff called 800-909-9525. The automated system asked for Plaintiff's loan number, which she does not have, and her social security number. There was no way for her to speak with a live agent using LoanCare's automated system since she is not affiliated with LoanCare.

20. Plaintiff believes she has received dozens of autodialed and/or prerecorded calls from Defendant.

21. Plaintiff does not have a relationship with LoanCare or any of its affiliated

---

[10] *Id.*
[11] https://800notes.com/Phone.aspx/1-800-909-9525/2
[12] https://www.everycaller.com/phone-number/1-800-909-9525/



**Eric R. Draluck**
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

companies, nor has she ever requested that LoanCare call her or consent to any contact from Defendant.

22. Simply put, LoanCare did not obtain Plaintiff's prior express consent to place collection telephone calls to her on her cellular telephone using an autodialer and/or prerecorded message.

23. The unauthorized telephone calls made by LoanCare, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Fox's use and enjoyment of her cellular phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

24. Seeking redress for these injuries, Fox, on behalf of herself and Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits prerecorded telephone calls to cellular telephones.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims

25. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

> **Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using the same equipment used to call Plaintiff and/or a prerecorded voice message, and (4) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it obtained prior express consent to call Plaintiff, or (b) Defendant did not obtain prior express consent.

26. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents



**Eric R. Draluck**
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

27. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant placed calls using an autodialer and/or prerecorded message to Plaintiff and the members of the Class;

(b) whether Defendant placed calls using an autodialer and/or prerecorded message to Plaintiff and members of the Class without first obtaining prior express consent to make the calls;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.



**Eric R. Draluck**
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

30. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Class)**

31. Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint and incorporates them by reference herein.

32. Defendant and/or its agents made unwanted collection telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Class using an autodialer and/or prerecorded message.

33. These collection telephone calls were made *en masse* without the consent of the Plaintiff and the other members of the Class to receive such collection telephone calls.

34. Defendant did not have prior express consent from the Plaintiff to call her.

35. Defendant's conduct was willful and knowing.



**Eric R. Draluck**
WSBA #19881
PO Box 11647
Bainbridge Island, WA 98110
206-605-1424

36. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to between $500 and $1,500 in damages for each and every call.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Fox, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all autodialed and/or prerecorded message calling activity that is being done without consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial.

Respectfully Submitted,

**SHIRLEY FOX**, individually and on behalf of those similarly situated individuals

Dated: March 12, 2019

*s/ Eric R. Draluck*
Eric R. Draluck
WSBA No. 19881
PO Box 11647
Bainbridge Island, WA 98110
Telephone: (206) 605-1424
edraluck@gmail.com

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

**Pro Hac Vice motion forthcoming*